**ORIGINAL**

REISSUED FOR PUBLICATION
SEP 26 2018
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-509V
Filed: August 7, 2018

**FILED**
AUG - 7 2018
U.S. COURT OF FEDERAL CLAIMS

* * * * * * * * * * * * *
CYNTHIA LOWERY GRADY,           *    UNPUBLISHED
                                *
           Petitioner,          *
v.                              *    Decision on Costs; Pro Se
                                *
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *
           Respondent.          *
* * * * * * * * * * * * *

*Cynthia Lowery Grady, Pro Se*, Sapphire, NC
*Alexis Babcock, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON PETITIONER'S FEES AND COSTS[1]

**Roth**, Special Master:

On April 6, 2017, Cynthia Grady ("Ms. Grady," or "petitioner") filed a petition *pro se* in the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed acute poliomyelitis in 1960 and post-polio syndrome in or around 2000 as a result of an oral polio vaccination she received in or around 1959. Petition ("Pet.") at 3, ECF No. 1. On March 19, 2018, the undersigned issued a Decision dismissing the petition on statute of limitations grounds. Decision, ECF No. 21.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

7005 2570 0001 8602 3048

On June 4, 2018, petitioner filed a Motion for Fees and Costs. Motion for Fees, ECF No. 25. Petitioner requests fees in the amount of $5,025.00 and costs in the amount of $324.00, for a total amount of $5,349.00. *Id.* at 1.

On June 15, 2018, respondent filed a response to petitioners' Motion for Fees. Response, ECF No. 26. Respondent objected to any award of fees and costs, submitting, "Petitioner is not entitled to receive compensation for time spent working on her own case." *Id.* at 1 (internal citations omitted). Respondent noted that, although petitioner's request for expenses could be considered reimbursable, petitioner had not provided any receipts to document her claimed costs. *Id.* at 2.

Petitioner was ordered to file documentation in support of her claimed expenses. Scheduling Order, ECF No. 27. Additionally, it was noted that petitioner had not paid the $400.00 filing fee. She was ordered to either pay the filing fee or file a Motion to Proceed *in forma pauperis*. *Id.* at 1.

On July 30, 2018, petitioner filed documentation in support of her request for fees and costs as well as a Motion for Leave to Proceed *in forma pauperis*, which was granted. ECF Nos. 28-30.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs," even if a petitioner's claim is unsuccessful. § 15(e)(1); *see also Sebelius v. Cloer*, 569 U.S. 369 (2013) (Finding that an unsuccessful petition may still be eligible for an award of attorneys' fees and costs). However, the Vaccine Program consistently denies' petitioners who are *pro se*, or representing themselves, from being compensated for time spent working on their own claims. *A.M. by Miller v. Sec'y of Health & Human Servs.*, No. 16-883V, 2018 WL 1312200, at *3 (denying fees for petitioner who was also a licensed paralegal); *see also Uscher v. Sec'y of Health & Human Servs.* No. 15-7698V, 2017 WL 837693, at *2 (Fed. Cl. Spec. Mstr. Mar. 3, 2017) ("petitioner cannot be reimbursed for time spent pursuing this case"); *Karbusheva v. Sec'y of Health & Human Servs.*, No. 13-40V, 2016 WL 3022101, at *2 (Fed. Cl. Spec. Mstr. Feb. 26, 2016) (Costs "not permitted for pro se petitioners, such as [petitioner's] time spent on the matter"); *Kooi v. Sec'y of Health & Human Servs.*, 2007 WL 5161800, at *5 (Fed. Cl. Spec. Mstr. Nov. 21, 2007) ("When medical record collection is done by petitioners [petitioner's time spent] is non-compensable [...]. When the collection of medical records is done by petitioners' attorney it is considered compensable.").

Petitioner has requested fees of $5,025.00. Petitioner estimates that she spent 67 hours on her claim, including but not limited to tasks such as acquiring medical records, contacting potential attorneys, and preparing documents filed with the Court. However, these activities in pursuing one's own claim are considered non-compensable. *Kooi* at *5, 2007 WL 5161800. Therefore, petitioner's request for fees is denied.

While it is well-settled that petitioners may not be awarded fees for time that they spend working on their own claim, petitioners may be reimbursed for reasonable out of pocket expenses incurred in pursuing a claim. Here, petitioner has requested a total of $324.00 in costs. Motion for Fees at 1. The requested costs consist of postage, copying costs, and mileage costs. *Id.* The undersigned finds petitioner's requested costs to be reasonable.

Based on the foregoing, the undersigned **awards the total of $324.00**, representing reimbursement for out-of-pocket costs in the form of a check made payable to petitioner. The Clerk of the Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

8/7/18
Date

Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

3